# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RODERICK WALKER,

        Petitioner,

v.                                       Case Number: 06-CV-13149

JAN E. TROMBLEY,

        Respondent.

_____/

## ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Roderick Walker, a state inmate currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The court finds that this is a successive habeas corpus petition and as such it must be transferred to the Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

## I. DISCUSSION

In the pending petition, Petitioner challenges his conviction for first-degree murder entered in Recorder's Court for the City of Detroit.  In 1969, he was sentenced to life imprisonment.  Petitioner argues in his petition that the conviction is a "nullity" and

_____

[1] 28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

"absolutely void" because the state court lacked jurisdiction to try him where no document entitled "Complaint Felony" was properly filed in state district court prior to his trial.  Petition at p. 5.

Respondent has filed a "Motion for Summary Judgment" on the ground that the petition is time-barred.  In her motion, Respondent states that Petitioner previously has filed two federal habeas petitions.  A district court lacks jurisdiction to entertain a successive habeas petition where the petitioner has not received prior authorization from the Court of Appeals to file a successive petition.  *Burton v. Stewart*, __ U.S. __, 127 S.Ct. 793, 796 (2007).  The statute of limitations is not jurisdictional.  *Day v. McDonough,* 547 U.S. __, 126 S.Ct. 1675, 1681 (2006).  Therefore, before considering whether the petition is time-barred, the court must consider whether it has jurisdiction over the petition.

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  The prisoner must request prior authorization to file a successive petition even where the first petition was filed prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, which imposed the pre-certification requirement.  *In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997) (requiring prisoners to file a motion for authorization in the court of appeals regardless of when first petition was filed); *see also Buell v. Anderson*, 48 Fed. Appx. 491, 497 (6th Cir. 2002) (holding AEDPA's successive petition requirements applicable regardless of when first petition was filed); *In re Minarik*, 166 F.3d 591, 600, 609 (3d Cir.

2

1999) (same).

In 1975, Petitioner filed a habeas petition in the United States District Court for the Western District of Michigan.  Because Petitioner did not exhaust his state court remedies prior to filing his petition, the petition was dismissed without prejudice.  *Walker v. Koehler*, No. M75-31-CA (W.D. Mich. Feb. 26, 1975).  Petitioner filed a second petition in 1976, challenging the same conviction which he challenges in the pending petition.  The 1976 petition did not require prior authorization from the Sixth Circuit Court of Appeals because the first petition was dismissed without prejudice.  *See Carlson v. Pitcher,* 137 F.3d 416, 420 (6th Cir.1998) ("We join with every other court to consider the question, and hold that a habeas petition filed after a previous petition has been dismissed on exhaustion grounds is not a 'second or successive' petition").  The 1976 petition was denied on the merits.  *Walker v. Koehler*, No. M76-41-CA (W.D. Mich. Feb. 28, 1979).

Petitioner filed the pending petition pursuant to 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254.  This, however, does not allow him to evade the certification requirements of § 2244(b).  "[S]ection 2244(b) applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment" regardless of the statutory label assigned the petition by the prisoner.  *Rittenbury v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006).

Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a successive petition in this court.  The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court

3

shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111

F.3d 45, 47 (6th Cir. 1997).

## II. CONCLUSION

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. #

1] is TRANSFERRED to the United States Court of Appeals for the Sixth Circuit for

appropriate review.

IT IS FURTHER ORDERED that Respondent's "Motion for Summary Judgment"

[Dkt. # 5] is DENIED WITHOUT PREJUDICE to Respondent's right to reassert a

statute-of-limitations defense if the Court of Appeals authorizes the filing of a successive

petition.


           S/Robert H. Cleland
           ROBERT H. CLELAND
           UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, March 30, 2007, by electronic and/or ordinary mail.

           S/Lisa Wagner
           Case Manager and Deputy Clerk
           (313) 234-5522


S:\Cleland\JUDGE'S DESK\C3 ORDERS\06-13149.WALKER.TransferSuccessive.mbc.wpd